WRIGHT, Retired Appellate Judge.
The Russell County Department of Human Resources filed a petition to terminate the parental rights of S.B. (“mother”) to her children (one born in July 1995 and one born in November 1996). After oral proceedings, the trial court ordered the termination of the mother’s parental rights. The mother appeals.
In order to terminate parental rights based on the state’s petition, a court must make several findings. First, the court must determine that the child is dependent, based on clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the parent’s custodial rights. E.J.W. v. State Dep’t of Human Resources, 709 So.2d 57 (Ala.Civ.App.1998). The trial court was presented the evidence ore tenus; therefore, its judgment is presumed to be correct and will be set aside only if the record reveals the judgment to be plainly and palpably wrong. Id.
Although a child’s parent has the prima facie right to custody, the paramount concern in these proceedings is the child’s best interests. Id. In determining the child’s best interests, the court must examine whether the parent is physically, financially, and mentally able to provide for the child. Id. If clear and convincing evidence reveals that the parent cannot, or is unwilling to, discharge these responsibilities, parental rights may be terminated. Id.
DHR first became involved with the family in October 1997. At that time the mother’s boyfriend contacted the Phenix City Police Department and reported that the mother had been gone for two days and that he did not want to take care of the children any longer. When the mother went to the police station, she was arrested on an outstanding warrant. At that time, there were no relatives willing to care for the children. The children were placed with DHR under a boarding home agreement.
When the mother was released, DHR worked to reunify the family. The mother was warned not to leave the children alone or in her boyfriend’s care. The caseworker found that the mother had left the children alone on several occasions. Finally, in February 1998, following a report from the police that the children had been left alone again, DHR took physical custody of the children.
Rosie Boyd, the caseworker, testified that since DHR has had custody, the mother has not visited the children on a regular basis. Boyd testified that the mother agreed to take seven drug tests, but that she took only two. One of the tests came back positive for cocaine use. While the children were in DHR’s custody, the mother was arrested at a crack house. DHR tried to get the mother into inpatient drug testing, but she refused to partici *472 pate. The record reflects that substantial efforts were made to rehabilitate the mother, but those efforts faded — primarily due to the mother’s nonparticipation.
The maternal grandmother testified that she had custody of the mother’s two older children and that she could not keep the two children at issue. The grandmother testified that the mother was capable of taking care of the children at the present time, but that she did not know what tomorrow would bring.
At the time of the hearing, the mother was 27 years old. She admitted that she had used drugs during the time DHR had been involved with her family. She testified that she was employed at Shoney’s and had been working there for approximately five weeks. The mother has had six children. The oldest was put up for adoption, the maternal grandmother has custody of the two next oldest children, and a relative has custody of the fourth oldest child. The mother testified that she suffered a miscarriage the year prior to the hearing. The children did not share the same fathers.
We find that the termination of the parental rights of the mother was supported by clear and convincing evidence and that DHR put forth substantial effort to rehabilitate the mother and to find relative resources. The only less drastic alternative available was to maintain the children in foster care until, perhaps, the mother could rehabilitate herself sufficiently to become a fit mother. That possibility is remote. The children are at an adoptable age. Further postponement is not in the best interests of the children.
After considering the record, we are of the opinion that the trial court did not err in terminating the parental rights of S.B. to her children. We affirm that judgment.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.